UNITED STATES v. ROBBINS. See Case No. 16,171.

## Case No. 16,176.

### UNITED STATES v. ROBINSON.

[4 Mason, 307.] 1

Circuit Court, D. Rhode Island. Nov. Term, 1826.

FEDERAL COURTS—JURISDICTION IN ADMIRALTY—OFFENCES ON HIGH SEAS.

An offence committed in a bay, which is entirely land-locked and enclosed by reefs, is not committed on the high seas, within the purview of the act of congress of March 26, 1804 [2 Stat. 290] c. 40.

[Cited in U. S. v. New Bedford Bridge, Case No. 15,867; Waring v. Clarke, 5 How. (46 U. S.) 481; U. S. v. Wilson, Case No. 16,731; U. S. v. Plumer, Id. 16,056; Miller's Case, Id. 9,558; Ex parte Byers, 32 Fed. 406. Cited in dissenting opinion in U. S. v. Rodgers, 14 Sup. Ct. 116, 150 U. S. 268.]

[Cited in Hubbard v. Hubbard, 8 N. Y. 200.]

Indictment [of Ebenezer Robinson] for perjury committed in an examination before a justice of the peace on a complaint against Capt. Dennis, of the ship Margaret, for feloniously burning and destroying the ship, with intent to defraud the underwriters thereon. Plea, not guilty. At the trial it appeared, that the complaint before the justice was, that the offence was committed in a bay, called "Mango Bay," in the island of Bermuda. It further appeared, that this bay is entirely land-locked, and enclosed by a reef and island from the sea; that the ship, at the time of the occurrence, was lying in this bay, about a quarter of a mile from the shore, and that it was about three quarters of a mile from one point of land to the other, constituting the forelands of the bay.

R. W. Greene, U. S. Dist. Atty.

Bridgham & Tillinghast, for prisoner.

STORY, Circuit Justice, said: The court is of opinion, upon these facts, that the place where the offense is alleged to be committed, was not within the purview of the act of congress of March 26, 1804 (chapter 40). That act punishes offences committed on the high seas; and upon the evidence it does not appear, that, in any just sense, Mango Bay can be considered as the high seas. It is entirely land-locked and enclosed. If then the offence was not within the cognizance of the court of the United States, the magistrate had no jurisdiction to inquire into it; and, consequently, the perjury, if any, was committed in a cause coram non judice. Upon this ground the court recommend to the jury to find a verdict for the prisoner.

Verdict for the defendant.